WILLIAM L. WITHEROW and SUZANNE L. WITHEROW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Witherow v. Commissioner
Docket No. 3264-83.
United States Tax Court
T.C. Memo 1985-223; 1985 Tax Ct. Memo LEXIS 408; 49 T.C.M. (CCH) 1458; T.C.M. (RIA) 85223; May 9, 1985. *408 In 1981, Ps allegedly operated a local congregation of the Universal Life Church of Modesto, Calif. Ps allege that they made contributions to such local congregation and claimed a deduction therefor. Held: (1) Ps failed to prove that their local congregation existed, or that such local congregation qualified as a tax-exempt organization, or that no part of the net earnings of such local congregation inured to their personal benefit. (2) Ps were liable for an addition to tax under sec. 6653(a), I.R.C. 1954, since they failed to show that the underpayment of tax was not due to negligence or to intentional disregard of rules and regulations. (3) The United States is entitled to an award for damages from Ps under sec. 6673, I.R.C. 1954, since the proceedings herein were instituted primarily for delay and Ps' position is both frivolous and groundless. James Griffin, for the petitioners. Gerald W. Douglas, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $4,436.00 in the petitioners' Federal income tax for 1981 and an addition to tax of $221.80 under section 6653(a) of the Internal Revenue Code of 1954. [1] The issues for decision are: (1) Whether the petitioners are entitled to a deduction for charitable contributions to their local congregation of the Universal Life Church, Inc., as claimed on their 1981 joint Federal income tax return; (2) whether the petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations; and (3) whether the United States is entitled to an award for damages under section 6673. *410 FINDING OF FACT None of the facts have been stipulated. However, certain facts have been deemed admitted pursuant to Rule 90(c) of the Tax Court Rules of Practice and Procedure.[2]
The petitioners, William L. and Suzanne L. Witherow, husband and wife, were legal residents of Gresham, Ore., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1981 with the Internal Revenue Service Center, Ogden, Utah. During 1981, Mr. Witherow was employed full-time by United Air Lines, Inc., in its Portland, Ore., office. Mrs. Witherow held two jobs during 1981: she was employed by Peter M. Walsh, General Agent, of Portland, Ore., and by Millard A. Sammuel, C.L.U., of Portland, Ore.
The petitioners allege that during 1981, they operated a local congregation of the Universal Life Church, Inc., of Modesto, Calif. (ULC), and that Mr. Witherow served as the minister of such local congregation. The petitioners' personal residence served as the location of the local congregation. However, during 1981, the petitioners did not conduct any religious ceremonies *411 or services at their local congregation nor anywhere else. [3] Moreover, the petitioners' local congregation did not have any membership during 1981 for which the petitioners could perform any religious functions. Overall, the petitioners performed no services of any kind for their local congregation during 1981. Mr. Witherow has never received any formal training at any school, college, or seminary to become a minister of a congregation of the ULC, and he has failed to provide any evidence of any credentials or certificates establishing that he was a minister for a local congregation of the ULC. During 1981, the petitioners maintained a checking account for their local congregation (the church account) at a local financial institution. However, the petitioners *412 have refused to disclose the account number and the specific location of the church account. The petitioners maintained exclusive control over the church account during 1981, but they refused to disclose the names of those who had signatory power over such account. On their Federal income tax return for 1981, the petitioners claimed a charitable contribution deduction of $18,138.00 for contributions to their local congregation of the ULC. In his notice of deficiency, the Commissioner disallowed such deduction in its entirety. OPINION The first issue for decision is whether the petitioners are entitled to a deduction for charitable contributions to their local congregation of the ULC in the amount of $18,138.00. Section 170 [4] generally allows deductions for charitable contributions where the taxpayer can prove the following: First, that the contributions were actually made; second, that the contributions were made to a qualified tax-exempt organization; and third, that no part of the net earnings of the qualified tax-exempt organization inured to the taxpayer's personal benefit. Davis v. Commissioner,81 T.C. 806 (1983), on appeal (9th Cir., June 25, 1984); *413 Miedaner v. Commissioner,81 T.C. 272 (1983); McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). The burden of proving his right to a deduction is on the petitioner *414 (Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933)), and the petitioners in this case have failed to carry such burden. First, the petitioners have wholly failed to show that their local congregation of the ULC existed. Second, even if such local congregation did exist, the petitioners have not shown that such entity possessed any of the usual indicia of a church, such as the carrying on of religious services or ceremonies or having a congregation. Third, even if the alleged local congregation existed and qualified as a tax-exempt organization, no evidence has been offered that would support a finding that the petitioners actually made contributions to such an organization. Finally, the petitioners have failed to establish that they did not personally benefit from the alleged contributions. The fact the petitioners maintained exclusive control suggests that the local congregation was merely the petitioners' alter ego and precludes a finding that the petitioners made any charitable contributions within the meaning of section 170. The petitioners argue that they are entitled to the charitable deduction on the ground that the ULC's specific exemption [5] (see *415 Universal Life Church, Inc. v. United States,372 F. Supp. 770 (E.D. Cal. 1974)) constitutes a group exemption for ULC and all of its local chapters. However, this Court has consistently and repeatedly held that ULC's exemption is not a group exemption. Davis v. Commissioner,81 T.C. at 815 n.9. Under these circumstances, we conclude that the petitioners are not allowed any deduction for their alleged contributions to their local congregation.
The second issue for decision is whether the petitioners are liable for an addition to tax under section 6653(a). That section provides for an addition to tax when an underpayment of tax is due to negligence or to intentional disregard of the rules and regulations. The petitioner has the burden of showing that he is not liable for the addition to tax. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). In this case, the petitioners introduced no evidence to show that they *416 exercised due care in preparing their tax return for 1981 or that they did not intentionally disregard the rules and regulations. Consequently, without such evidence, we are bound to approve the Commissioner's determination of an addition to tax under section 6653(a). The third issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, concerning attempts by taxpayers to use the "pretext of a church to avoid paying their fair share of taxes, * * * [and to] resort to the courts in a shameless attempt to vindicate themselves." Miedaner v. Commissioner,81 T.C. at 282. The petitioners in this case have abused the processes of this Court and wasted its resources. On the *417 basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioners' position is both frivolous and groundless, and we accordingly award damages to the United States under section 6673 in the amount of $3,000. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. This matter, together with certain other matters in the facts, was the subject of a requested admission by the Commissioner. The petitioners did file a timely objection to the request, but such objection was without merit. The petitioners were given additional time to file a proper answer, but when they failed to do so, this matter, together with the other similar matters, was deemed admitted by order of the Court.↩
4. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * * (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * * (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * *↩
5. The Internal Revenue Service has announced that it will no longer recognize the tax exempt status of the Universal Life Church, Modesto, Calif.Announcement 84-90, 1984-36 I.R.B. 32↩ (Sept. 4, 1984).